# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN WORKMAN, *Plaintiff*, v. KENRICK BISSESSAR, *Defendant*. | Civil Action No. 17-1071 (RDM) |

## MEMORANDUM OPINION

Plaintiff Joan Workman, proceeding *pro se*, is an employee at the Smithsonian Institution's Renwick Gallery ("the Smithsonian") in Washington, D.C. On May 18, 2017, she filed a complaint in the D.C. Superior Court, alleging that her supervisor at the Smithsonian, defendant Kenrick Bissessar, "walk[ed]-up on [her] back [in] a threatening manner at work." Dkt. 1-3 at 5. She also filed motions for a temporary restraining order ("TRO") and a preliminary injunction, asserting that the "harassment" she was experiencing at her job caused her to "fear for [her] life." *Id.* at 12; *see also id.* at 1–4; 13. Workman's complaint does not seek monetary damages but, rather, requests only that the Court issue "a stay-away order" to Bissessar. *Id.* at 3.

Acting on Bissessar's behalf, the U.S. Attorney's Office filed a notice of removal pursuant to 28 U.S.C. § 1442(a)(1), *see* Dkt. 1, and, nine days later, filed a motion to dismiss Workman's complaint and an opposition to her motions for a TRO and a preliminary injunction, *see* Dkt. 3. The Court held a hearing on Workman's motion for a TRO, and it denied the motion on June 15, 2017. *See* Minute Entry (June 15, 2017). The next month—after Workman failed to respond to Bissessar's motion to dismiss and opposition to her motion for a preliminary

injunction, *see* Dkts. 7, 9—the Court denied her motion for a preliminary injunction, concluding that she "failed to demonstrate a likelihood of success on the merits or that she w[ould] suffer an irreparable injury in the absence of immediate relief," Dkt. 10 at 2. The Court, however, deferred ruling on Bissessar's motion to dismiss—which raised, among other defenses, Workman's failure to effect service—"until the time to serve pursuant to Federal Rule of Civil Procedure 4(m)" expired on September 5, 2017. Dkt. 10 at 2. To that end, the Court "order[ed] that [Workman] either cause process to be served upon Bissessar and proof of service to be filed with the Court or establish good cause for failure to do so no later than September 5, 2017," and warned her that "[f]ailure to make such a filing w[ould] result in dismissal of this case." *Id.*

As of September 8, 2017, Workman has not filed proof of service with the Court nor has she established good cause for her failure to so. Accordingly, the Court will **GRANT** Bissessar's motion to dismiss Workman's complaint under Federal Rule of Civil Procedure 12(b)(5) for failure to effect service of process, Dkt. 3, and will **DISMISS** this action without prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 8, 2017